# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987)<br>**RE-SENTENCING - Rule 35(b)** |
| V. | **Case Number:**   10-CR-2-WMC-01<br>and 10-CR-98-WMC-01 |
| ROBERT H. McCALLIE | **Defendant's Attorney:**   David A. Geier |

The defendant, Robert H. McCallie, pleaded guilty to counts 1 and 2 of the indictment in 10-CR-2-WMC-01, and pleaded guilty to count 1 of the information in 10-CR-98-WMC-01.

The defendant has been provided notice of his right to appeal.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2113(a) and (d)<br>Indictment: 10-CR-2-WMC-01 | Armed Bank Robbery, a Class B felony | October 30, 2009 | 1 |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924<br>Indictment: 10-CR-2-WMC-01 | Use of a Firearm in Furtherance of a Crime of Violence, a Class A felony | October 30, 2009 | 2 |
| 18 U.S.C. § 2113(a) and (d)<br>Information: 10-CR-98-WMC-01 | Armed Bank Robbery, a Class B felony | October 14, 2009 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | November 2, 1988 | September 28, 2010 |
| **Defendant's USM No.:** | 06975-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | c/o Isabel Nolan (maternal grandmother)<br>N5589 Fairview Road<br>Kennan, WI 54537 | */s/ William Conley* |
| **Defendant's Mailing Address:** | c/o Bureau of Prisons | William M. Conley<br>District Judge |
| | | September 29, 2010 |
| | | Date Signed: |

Case: 3:10-cr-00098-wmc Document #: 16 Filed: 09/30/10 Page 2 of 6

AO 245 B (Rev. 3/01)(N.H. Rev.)    DEFENDANT: ROBERT H. McCALLUM    CASE NUMBER: **10-CR-2-WMC-01 and 10-CR-98-WMC-01**    Amended Judgment - Page 2

# IMPRISONMENT

As to count one of the indictment in Docket No. 10-CR-2-WMC-01 and count one of the information in Docket No. 10-CR-98-WMC-01, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for terms of imprisonment of 36 months, to be served concurrently. Pursuant to the provisions at § 5G1.3(c), to achieve a reasonable punishment the 36-month terms of imprisonment are to run concurrently with the defendant's undischarged term of imprisonment imposed upon his revocation of probation in Price County, Wisconsin, Case No. 08 CF 08.

As to count two of the indictment in Docket No. 10-CR-2-WMC-01, it is adjudged the defendant is to serve a term of imprisonment of 84 months, consecutive to the terms of imprisonment imposed in count one of Docket No. 10-CR-2-WMC-01 and count one of Docket No. 10-CR-98-WMC-01 and to the defendant's undischarged term of imprisonment imposed upon his revocation of probation in Price County, Wisconsin, Case No. 08 CF 08.

In all other respects, the judgment remains as entered on August 10, 2010.

It is recommended that the defendant be afforded the opportunity to participate in substance abuse treatment during his term of imprisonment, as well as educational and vocational programs. It is also recommended that the defendant be afforded prerelease placement in a residential reentry center.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

 

UNITED STATES MARSHAL

By _____

Deputy Marshal

Case: 3:10-cr-00098-wmc Document #: 16 Filed: 09/30/10 Page 3 of 6

| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: ROBERT H. McCALLUM | Amended Judgment - Page 3 |
|---|---|---|
| | CASE NUMBER: 10-CR-2-WMC-01 and 10-CR-98-WMC-01 | |

# SUPERVISED RELEASE

The term of imprisonment is to be followed by three-year terms of supervised release as to all counts of conviction, to be served concurrently.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

In light of the nature of the offense and the defendant's personal history, I find that the special conditions recommended in the supervision plan in the presentence report are appropriate. Therefore, I am adopting those conditions. I note that neither party had objections to the proposed conditions.

As special conditions, defendant is to:

(1)   Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

(2)   Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns;

(3)   Submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; the defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition;

(4)   Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. The defendant shall submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process; and

(5)   Have no contact with the victim bank or tellers in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. probation officer. The defendant shall not enter the premises or loiter within 1,000 feet of the victim banks.

Case: 3:10-cr-00098-wmc Document #: 16 Filed: 09/30/10 Page 4 of 6

| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: ROBERT H. McCALLUM | CASE NUMBER: **10-CR-2-WMC-01 and 10-CR-98-WMC-01** | Amended Judgment - Page 4 |

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

Case: 3:10-cr-00098-wmc Document #: 16 Filed: 09/30/10 Page 5 of 6

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: ROBERT H. McCALLUM<br>CASE NUMBER: **10-CR-2-WMC-01 and 10-CR-98-WMC-01** | Amended Judgment - Page 5 |

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| | Count | Assessment | Fine | Restitution | |
|---|---|---|---|---|---|
| 10-CR-2-WMC-01 | 1<br>2 | $100.00<br>$100.00<br>**$200.00** | $0.00 | **$614.00** | (10-CR-2-WMC-01) |
| 10-CR-98-WMC-01 | 1 | **$100.00** | | **$6,984.00** | (10-CR-98-WMC-01) |

It is adjudged that the defendant is to pay a $200 criminal assessment penalty as to Docket No. 10-CR-2-WMC-01 and a $100 criminal assessment penalty as to Docket No. 10-CR-98-WMC-01 to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

The defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself upon release.

# RESTITUTION

Pursuant to 18 U.S.C. § 3663A, the Mandatory Victims Restitution Act of 1996 applies to the conviction as to count one of the indictment in Docket No. 10-CR-2-WMC-01 and count one of the information in Docket No. 10-CR-98-WMC-01.

As to Docket No. 10-CR-2-WMC-01, law enforcement officers recovered $17,206 in stolen bank funds during the investigation. Those funds have been returned to the bank. Therefore, the defendant is ordered to pay restitution in the total amount of $614 to the U.S. Clerk of Court for the Western District of Wisconsin for disbursement to the victim bank, Dairyland State Bank, located at 903 North Grant Avenue in Exeland, Wisconsin 54835. The restitution obligation is owed jointly and severally with codefendant Steven R. Willard.

As to Docket No. 10-CR-98-WMC-01, the defendant is required to pay restitution in the total amount of $6,984 to the U.S. Clerk of Court for the Western District of Wisconsin for disbursement to the victim bank, Security Bank, located at 100 Main Street in Ridgeland, Wisconsin, 54763.

The defendant does not have the funds to pay restitution in a lump sum payment. Pursuant to 18 U.S.C. § 3664(f)(3)(B), the defendant is to begin making nominal payments of $100 a month within 60 days of his release from custody and he is to apply 100% of his annual federal and state tax refunds toward payment of his restitution.

No interest is to accrue on the unpaid portions of the restitution obligations.

Case: 3:10-cr-00098-wmc  Document #: 16  Filed: 09/30/10  Page 6 of 6

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: ROBERT H. McCALLUM<br>CASE NUMBER: **10-CR-2-WMC-01 and 10-CR-98-WMC-01** | Amended Judgment - Page 6 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.